HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| PUGET SOUNDKEEPER ALLIANCE, | ) | No. 2:10-CV-01040-MJP |
| | ) | |
| Plaintiff, | ) | CONSENT DECREE |
| | ) | |
| v. | ) | |
| | ) | |
| ALASKA MARINE LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

WHEREAS, Plaintiff Puget Soundkeeper Alliance filed a Complaint against Defendant

Alaska Marine Lines, Inc. on June 23, 2010, alleging violations of the Clean Water Act, 33

U.S.C. §§ 1251-1387, relating to discharges of stormwater from Defendant's facility located in

Seattle, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees

and costs; and

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged

violations; and

WHEREAS, counsel and representatives for the parties to this action have engaged in

CONSENT DECREE - 1
No. 2:10-CV-01040-MJP

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act and to address issues raised in the notice of intent to sue served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.     This Court has jurisdiction over the parties and the subject matter of this action;

2.     The undersigned representative for each party certifies that he or she is fully authorized by the party or parties whom he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3.     This Consent Decree shall apply to, and be binding upon, the parties, and upon

CONSENT DECREE - 2
No. 2:10-CV-01040-MJP

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

the successors and assigns of the parties.

4.     This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about 5600 W. Marginal Way SW and at the Duwamish Shipyards, Inc. facility at 5658 W. Marginal Way SW, Seattle, Washington 98106 (referred to collectively as the "facility").

5.     This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the facility identified in paragraph 4 of this Consent Decree.

6.     This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admission or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7.     In full and complete satisfaction of the claims covered by the Complaint and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

a.     Defendant shall comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR-001365 and any successor, modified, or replacement permit (the "NPDES permit");

b.     Defendant shall, for a period of three (3) years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and the Washington Department of Ecology

CONSENT DECREE - 3
No. 2:10-CV-01040-MJP

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

("Ecology") concerning Defendant's compliance with the NPDES permit and the Clean Water

Act, including but not limited to Discharge Monitoring Reports ("DMRs"), Annual Reports,

adaptive management reports, correspondence, and inspection reports.  All copies shall be

forwarded to Plaintiff on a quarterly basis and not later than the forty-fifth (45th) day following

the end of each calendar quarter;

           c.      If any three (3) of the eight (8) quarterly stormwater sampling results

collected after the entry of this Consent Decree by the Court, or if any three (3) quarterly

stormwater sampling results collected in calendar year 2010, from the discharge point labeled

"Outfall 2" on the facility map attached hereto as Attachment A ("DP-2") exceed the NPDES

permit's benchmark for total zinc of 117 μg/L, Defendant shall conduct a "Level Three

Corrective Action" for DP-2 as that term is used in the NPDES permit.  As part of the Level

Three Corrective Action, Defendant shall retain a licensed professional engineer to revise the

stormwater pollution prevention plan ("SWPPP") for the facility to include additional best

management practices ("BMPs") and additional stormwater treatment measures that are, in the

professional judgment of the licensed professional engineer, sufficient to meet the NPDES

permit's benchmarks at DP-2.  These revisions to the SWPPP shall be completed within ninety

(90) days of Defendant's receipt of the stormwater sampling results triggering the requirements

of this sub-paragraph 7.c, and Defendant shall provide Plaintiff a copy of the revised SWPPP at

that same time.  The revisions to the SWPPP shall include an implementation schedule that

requires the additional BMPs and stormwater treatment measures be implemented as soon as

possible, but in no instance later than September 30th of the year after the requirements of this

sub-paragraph 7.c are triggered.  Defendant shall fully comply with the implementation schedule

CONSENT DECREE - 4
No. 2:10-CV-01040-MJP

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

included in the revised SWPPP, and Defendant shall provide Plaintiff with written notification of

Defendant's complete implementation of the additional BMPs and stormwater treatment

measures described in the revised SWPPP.

        d.    Upon entry of this Consent Decree, and irrespective of the stormwater

monitoring frequency required under the Defendant's NPDES permit, Defendant shall collect

samples of stormwater from the discharge point labeled "Outfall 1" on the facility map attached

hereto as Attachment A ("DP-1") on a monthly basis and have such monthly samples analyzed

for the pollutant parameters required by the NPDES permit.  For the purposes of this sub-

paragraph 7.d, Defendant need not collect stormwater samples in months when precipitation is

insufficient to generate a stormwater discharge from DP-1, when discharges from DP-1 are

inaccessible, or when discharges from DP-1 are outside normal business hours.  The results of all

such monitoring shall be reported to Ecology on DMRs in accordance with the NPDES permit.

In accordance with the NPDES permit, Defendant shall report the average of all stormwater

sampling results collected in a calendar quarter for each parameter on the DMRs it submits to

Ecology.  Defendant shall provide Plaintiff with the lab reports for the analysis of the eight (8)

stormwater samples collected at DP-1 after the entry of this Consent Decree; these lab reports

shall be provided on a quarterly basis and not later than the forty-fifth (45th) day following the

end of each calendar.  The stormwater monitoring frequency requirements of this sub-paragraph

shall terminate eighteen months from entry of this Consent Decree by the Court, however,

Defendant shall continue stormwater sampling and reporting of DP-1 under the terms of the

NPDES Permit unless and until it achieves "consistent attainment" as that term is defined by the

NPDES permit.

CONSENT DECREE - 5
No. 2:10-CV-01040-MJP

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

    e.  If any three (3) of the eight (8) stormwater samples (not quarterly averages) collected after the entry of this Consent Decree from DP-1 exceed the benchmark for a parameter as established in the NPDES permit, Defendant shall conduct a "Level Three Corrective Action" for DP-1 as that term is used in the NPDES permit.  As part of the Level Three Corrective Action, Defendant shall retain a licensed professional engineer to revise the SWPPP for the facility to either: (1) include additional BMPs and additional stormwater treatment measures that are, in the professional judgment of the licensed professional engineer, sufficient to meet the NPDES permit's benchmarks at DP-1, or (2) eliminate stormwater discharges at DP-1 by re-routing the stormwater to another discharge point such that, in the professional judgment of the licensed professional engineer, the discharges will meet the NPDES permit's benchmarks.  These revisions to the SWPPP shall be completed within ninety (90) days of Defendant's receipt of the stormwater sampling results triggering the requirements of this sub-paragraph 7.e, and Defendant shall provide Plaintiff a copy of the revised SWPPP at that same time.  The revisions to the SWPPP shall include an implementation schedule that requires the additional BMPs and stormwater treatment measures be implemented, or the stormwater discharges at DP-1 be eliminated, as soon as possible, but in no instance later than September 30th of the year after the requirements of this sub-paragraph 7.e are triggered.  Defendant shall fully comply with the implementation schedule included in the revised SWPPP, and Defendant shall provide Plaintiff with written notification of Defendant's complete implementation of the additional BMPs and stormwater treatment measures described in the revised SWPPP or of the elimination of discharges at DP-1.

CONSENT DECREE - 6
No. 2:10-CV-01040-MJP

f.      Defendant shall conduct a "Level Three Corrective Action," as that term is used in the NPDES permit, for the discharge point labeled "Outfall D" on the facility map attached hereto as Attachment A ("DP-D").  As part of the Level Three Corrective Action, Defendant shall retain a licensed professional engineer to revise the SWPPP for the facility to include additional BMPs, which may include additional stormwater treatment measures, that, in the professional judgment of the licensed professional engineer, can be implemented at the facility given existing constraints (including anticipated remediation) and will be the most effective at reducing contaminate levels in discharges from DP-D.  These revisions to the SWPPP shall be completed within ninety (90) days of the entry of this Consent Decree by the Court, and Defendant shall provide Plaintiff a copy of the revised SWPPP at that same time.  The revisions to the SWPPP shall include an implementation schedule that requires the additional BMPs be implemented as soon as possible, but in no instance later than September 30, 2011. Defendant shall fully comply with the implementation schedule included in the revised SWPPP, and Defendant shall provide Plaintiff with written notification of Defendant's complete implementation of the additional BMPs described in the revised SWPPP.

8.      Within thirty (30) days of entry of this Consent Decree by the Court, Defendant shall make a payment in the amount of $15,000 (FIFTEEN THOUSAND DOLLARS) to the Stewardship Partners for the Rain Garden Class and Installation in the Green/Duwamish Watershed Project that is described in Attachment B to this Consent Decree.  Such payment shall be made by check payable and mailed to Stewardship Partners, 1411 4th Ave., Suite 1425, Seattle, Washington 98101, and shall bear the notation "Puget Soundkeeper Alliance v. Alaska Marine Lines, Inc., Clean Water Act Settlement," with a copy provided to Plaintiff;

CONSENT DECREE - 7
No. 2:10-CV-01040-MJP

9.      Within thirty (30) days of entry of this Consent Decree by the Court, Defendant shall pay Plaintiff's reasonable attorney fees and costs in the amount of $14,300 (FOURTEEN THOUSAND AND THREE HUNDRED DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Brian A. Knutsen, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10.     The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and their counsel of record.  If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the Court.

11.     The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the United States Attorney General and the Administrator of the United States Environmental Protection Agency pursuant to 33 U.S.C. § 1365(c)(3).  Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the United States Environmental Protection Agency and the United States Attorney General.

CONSENT DECREE - 8
No. 2:10-CV-01040-MJP

12. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate sixty (60) days following completion of all obligations under it.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Puget Soundkeeper Alliance, 5305 Shilshole Ave. NW, Suite 150, Seattle, Washington 98107; or psa@pugetsoundkeeper.org. Notifications required by this Consent Decree to be made to Defendant shall be mailed to Alaska Marine Lines, Inc., P.O. Box 24348, Seattle, Washington 98124.

Dated this 17th day of December, 2010.


_Marsha J. Pechman_

Marsha J. Pechman
United States District Judge

CONSENT DECREE - 9
No. 2:10-CV-01040-MJP

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

PUGET SOUNDKEEPER ALLIANCE

Signature:      s/ Chris Wilke

Title:          Puget Soundkeeper / Executive Director

Dated:          10-21-10

ALASKA MARINE LINES, INC.

Signature:      s/ Everett Billingslea

Title:          Secretary

Dated:          10.19.10

CONSENT DECREE - 10
No. 2:10-CV-01040-MJP